MARTIN PARKES ET UX. v. JOHN B. GORTON ET AL.

Where the facts averred in the answer are distinct from those charged in the bill, even if part of the same transaction, they will not be deemed responsive to the bill.

In an answer admitting the claim set forth in the bill, an allegation of matter in avoidance or discharge of such claim is not responsive to the bill, and must be sustained by evidence *aliunde*.

THIS was a Bill in Equity brought by Martin Parkes and his wife Ursula, against John B. Gorton and Albert Pabodie. The material facts are fully stated in the opinion of the Court.

*Tillinghast & Bradley* for complainants.

*S. Currey* and *B. F. Thurston* for defendants.

GREENE, C. J. delivered the opinion of the Court.

The bill states an agreement between the complainants and the defendant Gorton, for the sale to the latter of the estate described in the bill for the sum of 2,500 dollars in cash. It further states, that in pursuance of this agreement, the complainants signed and acknowledged a deed conveying said estate to said Gorton, who, under pretence of having an alteration made in said deed, and alleging that the absence of the initial letter of the middle name of him, the said John B, was an insuperable

defect therein, induced the complainant, Martin Parkes, to take the same to the City Clerk of the City of Providence, to have said deed amended in that particular. And the said Martin, for the said purpose, and without the knowledge of his wife, delivered said deed to the City Clerk, that the said amendment, if necessary, should be made by him, and for no other purpose. The said Gorton subsequently directed said City Clerk to record said deed, and paid him therefor, saying he would pay said sum of 2,500 dollars to the complainants.

The bill prays that the defendants may be ordered to redeliver said deed to the complainants, and be enjoined from the execution, or recording of any deed of said premises, from said Gorton to any other person, or that said premises be reconveyed by said Gorton to the complainants, or that said sum of 2,500 dollars be paid by said Gorton to the complainants, according to said contract and agreement, with the interest, costs and damages for the detention thereof, or that said property be sold under the direction of this Court, and the proceeds thereof applied to the payment of said sums, and for general relief.

The answer of the defendant, Gorton, admits the agreement of sale as set forth in the bill, except that the complainants, for the sum of 2,500 dollars, were, in addition to the conveyance of said estate, to release him from a claim for rent, amounting to about the sum of seventy dollars, and further states, that the said Martin, on or about the 13th day of February, 1852, brought to him an instrument, purporting to be a conveyance of the estate in question, and upon examining the same, he perceived that it was made to John Gorton, and not to John B. Gorton, the name of the defendant.

Fearing that the omission of the letter from his name might impair the deed, he requested said Martin to permit another deed to be made and executed, containing said initial letter, offering to be at the necessary expense. That at the suggestion of said Martin, both parties called on Pabodie, the City Clerk, and inquired of him if the initial letter of the middle name of the said Gorton could be inserted in the deed already drawn without impairing the validity thereof, and being answered in the affirmative, the deed was thereupon left with the City Clerk for amendment and for record, the defendant, Gorton, paying the fee for recording. That the parties then left the clerk's office to go to the office of the Providence Mutual Fire Insurance Co. to have the policy transferred to the defendant. That the transfer was made, and a premium note was signed by Gorton, who was told to call in a few days and get the policy. The answer then adds, " and this defendant further says, that thereupon, he, being satisfied with said deed and the amendment thereof, made as aforesaid, returned, in company with said Martin, to his house, in Olneyville, for the purpose of paying to said Martin the consideration money above mentioned, and this defendant did then and there pay and deliver to said Martin the said sum, of 2,500 dollars, being the full sum for which the respective interests of said Martin and Ursula were to be conveyed to him, but this defendant, considering that the receipt mentioned in the deed of conveyance was sufficient, did not require of the said Martin any voucher for the same, and the said Martin then and there received said money.

This is the state of the case upon the pleadings. I have given the answer more fully, because an important question arises upon it.

The testimony of the City Clerk shows that the complainant called on the defendant to pay him his money several times while at his office, and that nothing was there paid him. In fact, the answer states the payment was made subsequently at the house of Gorton. The deed is not produced, but it is admitted, it contains the ordinary receipt for the purchase money. This, however, is of no importance in the present state of the case, as it is admitted no payment was made at the clerk's office.

The fact which the Court are called on to decide, is the fact of subsequent payment, and this involves the decision of the question, whether the answer of Gorton be competent evidence of the payment of the purchase money, as therein set forth.

The rule in relation to this subject is clearly stated in a case before Lord Chancellor Cowper in 1707, reported in Gilbert's Law of Evidence, page 45, which was a bill by creditors against an executor for an account of the personal estate of his testator. The executor set forth in his answer, that the testator left £1,100 in his hands, and that afterwards, on a settlement with the testator, he gave his bond for £1000, and the other £100 was given him by the testator for his care and trouble. There was no other evidence in the case of the £1,100 having been deposited with the executor.

The answer was put in issue, and it was urged that the answer, though put in issue, should be allowed, since there is the same rule of evidence in equity as at law, and therefore, if a man is so honest as to charge himself, no testimony appearing to charge him, he ought to find credit when he swore in his own discharge.

But it was answered and resolved by the Court, that when an answer was put in issue, what was confessed and admitted need not be proved, but it behoved the defendant to make out by proofs what was insisted on by way of avoidance : but this was held under this distinction; when the defendant admitted a fact, and insisted on a distinct fact by way of avoidance, then he ought to prove the matter of his defence ; but, if it had been one fact, as if the defendant had said the testator had given him £100, it ought to have been allowed, unless disproved, because nothing of the fact charged is admitted.

I have referred to this case more in detail, because the rule and the qualification are clearly stated. It has long been in practice, both in the English and American Courts, and is necessary to the safe administration of equity jurisdiction. *Hart* v. *Ten Eyck*, 2 John. Ch. 62. *Hutchinson* v. *Tindal*, 2 Greene's Ch. 357. *Wassan* v. *Gould*, 3 Blackford, 18. *Bray* v. *Hartough*, 3 Greene's Ch. 46. *N. E. Bank* v. *Lewis*, 8 Pickering 113. *Pierson* v. *Clayes*, 15 Vermont 93. *Gardiner* v. *Hardy*, 12 Gill. & John. 365. *Ringgold* v. *Ringgold*, 1 Harr. & Gill. 11.

As observed by Chancellor Kent in *Hart* v. *Ten Eyck*, the contrary doctrine would render it absolutely dangerous to employ the jurisdiction of a Court of Equity, inasmuch as it would enable a defendant to defeat the plaintiff's just demand by the testimony of his own oath, setting up a discharge or matter in avoidance.

The counsel for the defendant do not deny the rule, but contend that the present case comes within the qualification : that the delivery of the deed to the City Clerk for record, the visit to the Fire Insurance Co. to have the policy transferred, and the going to the house

of the defendant in Olneyville for payment of the purchase money, and the payment there, are all parts of one entire transaction, and all done before the parties separated.

But the test is, are the facts distinct, no matter how near to each other in point of time they occur, or whether in the same or different places. If, for instance, the answer had stated that the money was paid in the City Clerk's office on the delivery of the deed to the City Clerk for record, such payment would have been still a distinct fact, in discharge of the defendant's liability for the purchase money, and just as much so as if the payment had been made a year, or at any other period after the delivery of the deed.

If the defendant had stated that the deed was a deed of gift, the case would have been different. By such an answer, but one fact is admitted, and that is, the making of a deed of gift, and the plaintiff must take the admission as the party makes it. There could be no question of avoidance or discharge under such an answer, for there is but one fact admitted, and that creates no liability and requires no avoidance or discharge. The complainants could not be permitted to say, by virtue of such an admission, that the deed was a sale and not a gift.

There is no evidence of payment, except the answer of the defendant, and this being incompetent, we are bound to say the fact of payment is not proved, and the complainants are entitled to a decree.

*A decree was subsequently entered by consent of parties.*